**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SHOSHANNA NEGRON**
and
**GREGORY NEGRON**,

                              Plaintiffs,

**CASE NO.:**

v.

**ROBERT L. TANKEL, P.A.**
(a Florida Professional Association), and
**ROBERT L. TANKEL** (an individual),

                              Defendants.
_____/

## CLASS ACTION COMPLAINT
## JURY DEMAND

1. On behalf of the putative class, Plaintiffs allege a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Simply put, Defendants sent a demand letter to Plaintiffs that failed to comply with the mandated requirements of § 1692g of the aforesaid federal statute.

2. Individually, Plaintiffs allege violations of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337, 1367 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiffs reside here, the alleged violations occurred here, and Defendants do business here.

## PARTIES

4. Plaintiff, SHOSHANNA NEGRON is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida.

5. Plaintiff, GREGORY NEGRON is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida.

6. Defendant, ROBERT L. TANKEL, P.A. ("RLTPA") is a Florida Professional Association and law firm engaged in the business of collecting consumer debts, which operates from offices located at 1022 Main Street, Suite D, Dunedin, Florida 34698.

7. At all times material hereto, Defendant, ROBERT L. TANKEL ("TANKEL"), is an attorney and member of the Florida Bar doing business from offices located at 1022 Main Street, Suite D, Dunedin, Florida 34698.

8. Defendants regularly use the mail and telephone in a business the principal purpose of which is the collection of debts.

9. Defendants regularly collect or attempt to collect debts for themselves and for other parties. They are "debt collectors" as defined by the FDCPA and FCCPA.

10. Federal Courts have held that dunning letters sent by law firms for an alleged arrearage to condominium or homeowner's association may fall under the purview of the FDCPA. *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d, 1361, 1366 (M.D. Fla. 2002).

11. At all times material to the allegations of this complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiffs' alleged debt.

12. All acts or omissions of TANKEL were within the scope of his employment by RLTPA or were otherwise authorized by RLTPA.

13. RLTPA is vicariously liable for the actions of TANKEL. *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994).

## FACTUAL ALLEGATIONS
### Factual Allegations Common to All Counts

14. Defendants sought to collect from Plaintiffs an alleged debt arising from transactions incurred by Plaintiffs for personal, family, or household purposes; more specifically, the debt at issue was allegedly incurred to Plaintiffs' residential community association.

15. On or about April 6, 2011, Defendants sent Plaintiffs a demand letter seeking to collect an alleged debt from Plaintiffs.

16. The April 6, 2011 demand letter stated that Plaintiffs were in arrears for their annual assessments plus additional fees and costs.

17. The April 6, 2011 demand letter was signed by TANKEL.

18. The April 6, 2011 demand letter states in part:

*The debt described herein will be assumed to be valid unless, within thirty days after receipt of this correspondence, the validity of the amounts due or any portion thereof is disputed.*

19. A true and correct copy of the April 6, 2011 demand letter is attached hereto as "Exhibit A".

20. The alleged debt arises from Plaintiffs' ownership of their personal residence.

21. The April 6, 2011 demand letter was Defendants' first communication with Plaintiffs with respect to the debt alleged therein.

22. Under 15 U.S.C. § 1692g(a)(3) the Defendant must provide the Plaintiff with:

> *[A] statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid **by the debt collector**...*

(emphasis added).

23. Defendants' April 6, 2011 demand letter incorrectly states the presumption of validity as pronounced by the FDCPA.

24. Any potential *bona fide* error defense which relies upon Defendants' mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 130 S.Ct. 1605 (U.S. April 21, 2010).

## Factual Allegations Common to Count II

25. Defendants' April 6, 2011 demand letter stated that Plaintiffs' owed a total of $577.78.

26. On or about May 19, 2011, Plaintiffs sent correspondence to Defendants, enclosing a check, identified at #529, payable to the order of "Robert L. Tankel, P.A. Trust Account" in the amount of $330.00 for the full amount of the 2011 homeowner assessment (hereinafter referred to as the "Assessment"). A true and correct copy of Plaintiffs' May 19, 2011 correspondence is attached hereto as "Exhibit B".

27. On or about June 20, 2011, Defendants deposited the check described in Paragraph 26 above into Defendants' account at Flagship Community Bank. A true and correct copy of the check, with evidence of deposit by Defendants, is attached hereto as "Exhibit C". A true and correct copy of the Bank of America Account Activity Screen Shot showing that Defendant's deposited the check on or about June 20, 2011 is attached hereto as "Exhibit D".

28. On or about July 12, 2011, Defendants sent Plaintiffs a second demand letter, demanding payment of the full Assessment in the amount of $330.00, plus additional interest, costs, attorney's fees, and lien fees for a total amount allegedly due of $997.14. Simply put, Defendants' failed to credit the $330.00 payment to Plaintiffs' account. A true and correct copy of the July 12, 2011 demand letter is attached hereto as "Exhibit E".

29. With the July 12, 2011 demand letter Defendants enclosed a copy of a Claim of Lien that was signed and notarized on July 12, 2011, which states that Plaintiffs still owe the full Assessment in the amount of $330.00. A true and correct copy of the July 12, 2011 demand letter is attached hereto as "Exhibit F".

30. Defendants' July 12, 2011 demand letter asserted an amount due that Defendants knew was incorrect as Defendants had cashed Plaintiffs' check in the amount of $330.00 nearly a month prior.

31. On July 26, 2011, Defendants recorded the Claim of Lien in the Official Records of Hillsborough County, State of Florida.

32. The Claim of Lien Defendants recorded on July 26, 2011 asserted an amount due that Defendants knew was incorrect as Defendants had cashed Plaintiffs' check in the amount of $330.00 nearly a month prior.

33. On January 3, 2012, Defendants sent Plaintiffs' a third demand letter, which appears to still demand payment of the full Assessment in the amount of $330.00, plus additional interest, costs, attorney's fees, and lien fees for a total amount allegedly due of $1,083.66. A true and correct copy of the January 3, 2012 demand letter is attached hereto as "Exhibit G".

34. Defendants' January 3, 2012 demand letter asserted an amount due that Defendants knew was incorrect as Defendants had cashed Plaintiffs' check in the amount of $330.00 nearly six months prior.

## CLASS ACTION ALLEGATIONS COMMON TO COUNT I

35. This action is brought on behalf of a class consisting of (i) all persons with addresses in the state of Florida (ii) to whom letters the same form as Exhibit "A" were sent (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) which were not returned undelivered by the U.S. Post Office (v) during the one year period prior to the filing of the original complaint in this action through the date of certification.

36. Plaintiffs allege on information and belief based upon the Defendants' use of letters in the form of Exhibit "A" that the class is so numerous that joinder of all members of the class is impractical. Based upon Defendants' use of letters in the form of Exhibit "A."

37. There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The common factual issue common to each class member is that each was sent a letter in the form of Exhibit "A." The principal legal issues are whether Defendants' letters in the form of Exhibit "A" violate the FDCPA by failing to properly inform the consumer with respect to the presumption of validity regarding debt validation in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer in violation of 15 U.S.C. §1692g.

38. Plaintiffs' claim is typical of those of the class members. All are based on the same facts and legal theories.

39. Plaintiffs will fairly and adequately protect the interests of the class. They have retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this action.

40. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

> (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
>
> (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

41. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendants have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the

class as a whole. Mr. and Mrs. Negron request certification of a class under Rule 23(b)(3), Federal Rules of Civil Procedure, for monetary damages.

### COUNT I
### FAILURE TO PROPERLY NOTIFY PLAINTIFFS OF THEIR RIGHT TO DISPUTE THE DEBT IN VIOLATION OF THE FDCPA

42. Plaintiffs incorporate Paragraphs 1 through 24 and 35 through 41 above as if fully set forth herein.

43. Defendants' April 6, 2011 demand letter misstates the applicable legal standard with regard to the presumption of validity as pronounced by section 1692g(a)(3) of the FDCPA. Defendants' April 6, 2011 demand letter would be deceptive to the least sophisticated consumer with regard to his/her legal rights and therefore violates 15 U.S.C. § 1692g(a) as well as 15 U.S.C. § 1692e(10). See generally, *Galuska v. Collectors Training Institute of Illinois, Inc.*, No. 3:07-CV-2044, 2008 WL 2050809 (M.D. Pa. May 13, 2008); *Koch v. Atkinson, Diner, Stone, Mankuta, & Ploucha, P.A.*, Slip Copy, 2011 WL 4499100 (S.D. Fla. Sep. 27, 2011).

44. As a result of Defendants' conduct, Plaintiffs and the class are entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k.

45. Plaintiffs and the class are entitled to an award of costs and attorney's fees pursuant to 15 U.S.C. § 1692k.

**WHEREFORE**, Plaintiffs request that the Court enter judgment in their favor and in favor of the class, against Defendants, RLTPA, a Florida professional association, and TANKEL, an individual, for:

    a. Statutory damages pursuant to 15 U.S.C. § 1692k;

    b.    Attorney's fees, litigation expenses and costs of the instant suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## ILLEGAL COLLECTION ATTEMPTS IN VIOLATION OF THE FCCPA

46.    Plaintiffs incorporate Paragraphs 1 through 34 as if fully set forth herein.

47.    Defendants' July 12, 2011 and January 3, 2012 demand letters, which fail to credit Plaintiffs' $330.00 payment despite Defendants' knowledge of the payment, constitute attempts by Defendants to enforce a debt defendants' knew was not legitimate and therefore violates Fla. Stat. § 559.72(9).

48.    The Claim of Lien recorded by Defendants' on July 26, 2011, which fails to credit Plaintiffs' $330.00 payment despite Defendants' knowledge of the payment, constitutes an attempt by Defendants to enforce a debt Defendants knew was not legitimate and therefore violates Fla. Stat. § 559.72(9).

49.    As a result of Defendants' conduct, Plaintiffs are entitled to an award of statutory damages pursuant to Fla. Stat. § 559.77(2).

50.    Plaintiffs are entitled to an award of costs and attorney's fees pursuant to Fla. Stat. § 559.77(2).

**WHEREFORE**, Plaintiffs request that the Court enter judgment in their favor and against Defendants, RLTPA, a Florida professional association, and TANKEL, an individual, for:

    a.    Statutory damages pursuant to Fla. Stat. § 559.77(2);

    b.    Attorney's fees, litigation expenses and costs of the instant suit; and

   c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

         /s/ Scott D. Owens
         SCOTT D. OWENS, ESQ.
         Trial Counsel
         Florida Bar No. 0597651
         Scott D. Owens, P.A.
         664 East Hallandale Beach Boulevard
         Hallandale, Florida 33309
         Telephone: 954-589-0588
         Facsimile: 954-337-0666
         scott@scottdowens.com